IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONIQUE DEGENSTEIN, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-1600-G-BN |
| DONALD MILTON SMITH, SEAN MCDONALD, and THE MONEY LAW FIRM LLC, | § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Monique Degenstein, through counsel, brings this civil action against two private individuals and a law firm "to vindicate Constitutional rights and federal claims and for pendent state causes of action set forth herein." Dkt No. 2 at 1. And, because she also moves for leave to proceed *in forma pauperis*, *see* Dkt. No. 3, her case has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. §§ 636(b) and 1915(e)(2)(B) pursuant to a standing order of reference from Senior United States District Judge A. Joe Fish.

Degenstein invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, alleging "violations of the 14th Amendment and the 4th Amendment." Dkt. No. 2, ¶ 2. But she has not sued a traditional state actor (a police officer, for example). Instead, to show the state action required to plead a constitutional claim under 42 U.S.C. § 1983, Degenstein appears to allege that at least one private actor, named as a defendant, conspired with unidentified Dallas police officers, not named as

defendants, to violate her constitutional rights. *See* Dkt. No. 2, ¶¶ 96-101, 105-13.

After reviewing Degenstein's complaint, the Court entered an order observing that it is likely that the Court lacks subject matter jurisdiction over this lawsuit, but that order also allowed Degenstein an opportunity to address the Court's concerns by filing a written response no later than July 6, 2020. *See* Dkt. No. 5. On that day, she moved for a five-day extension. *See* Dkt. No. 6. And, while the Court granted her motion, extending the response deadline to Monday, July 13, 2020, Degenstein has failed to file a response to the Court's order or otherwise contact the Court.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case for lack of subject matter jurisdiction.

## Legal Standard and Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d

912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Because Degenstein chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if she does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Since federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations'

in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. As applicable here, federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

And, because Degenstein relies on Section 1331 to establish this Court's jurisdiction, if her complaint on its face lacks a "substantial, disputed question of federal law," *Hot-Hed*, 477 F.3d at 323, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim" is proper if the federal claim asserted is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida*, 414 U.S. at 666); *cf. Atakapa*, 943 F.3d at 1007 ("Federal courts lack power to entertain [ ] 'wholly insubstantial and frivolous' claims." (quoting *Southpark Square*, 565 F.2d at 343-44)).

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'" *Atakapa*, 943 F.3d at 1007 (quoting *Southpark Square*, 565 F.2d at 342). But, even if a

> claim is not foreclosed by prior authoritative decisions, it must be more than frivolous to support federal question jurisdiction. In determining substantiality, we must ask "whether there is any legal substance to the position the plaintiff is presenting." The test here "is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists."

*Southpark Square*, 565 F.2d at 342-43 (citations omitted).

Focusing on Degenstein's asserted constitutional violations, to bring a claim under Section 1983 that is neither frivolous nor insubstantial, "a plaintiff must allege facts showing that he has been 'deprived of a right secured by the Constitution and

the laws of the United States,' and that the deprivation was caused by a person or persons 'acting under color of state law.'" *Burroughs v. Shared Hous. Ctr.*, No. 3:15-cv-333-N-BN, 2015 WL 4077216, at *2 (N.D. Tex. June 17, 2015) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)), *rec. accepted*, 2015 WL 4089756 (N.D. Tex. July 6, 2015); *see also Jackson v. City of Hearne*, 959 F.3d 194, 200 (5th Cir. 2020) ("To plead a constitutional claim under § 1983, [a plaintiff] must allege that a state actor violated a constitutional right." (citing *Johnson v. Dall. Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994))).

And, where a plaintiff "does not allege facts demonstrating that [a defendant] acted under color of state law," she also fails "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *E.g., Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

> "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments[.]'" In *Lugar v. Edmondson Oil Co.*, [457 U.S. 922 (1982),] the [United States] Supreme Court set forth a two-part test for determining whether the deprivation of a federal right could fairly be

> attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," and "[t]his may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Private individuals generally are not considered state actors, and private misuse of state law does not constitute state action. However, a private individual may act under color of state law in certain circumstances, "such as when a private person is involved in a conspiracy or participates in joint activity with state actors."

*McCoy v. Hous. Auth. of New Orleans*, Civ. A. No. 15-398, 2015 WL 9204434, at *8 (E.D. La. Dec. 17, 2015) (footnotes omitted).

Thus, to bring plausible constitutional claims against private actors, a plaintiff generally must allege "that (1) there was an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of a constitutional right." *Id.* at *9 (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004)).

These allegations may not be merely conclusory – they must include facts material enough to "state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Brinkmann v. Johnston*, 793 F.2d 111, 112-13 (5th Cir. 1986) (per curiam) ("In *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982), we held that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983."); *see also, e.g., Cox v. City of New Rochelle*, No. 17-CV-8193 (KMK), 2019 WL 3778735, at *6 (S.D.N.Y. Aug. 12, 2019) ("[T]hin allegations … do not plausibly suggest that there existed an agreement, whether 'express or tacit,' between the Private Defendants and the State Defendants to violate Plaintiff's civil rights. A conspiracy claim requires 'some factual

basis supporting a meeting of the minds.'" (citing *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003); then quoting *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013))).

Degenstein's applicable allegations appear to lack the requisite material facts. Put differently, her claims that at least one private defendant conspired with state actors do not include enough factual content to make them plausible. She alleges, for example:

> On a separate occasion in October – November 2018, the Dallas Police, some 5 – 6 police officers, at the bidding of Donald Smith surrounded a house at which the Plaintiff had rented a room and knocked at the door and waited for the Respondent to come to answer at the front door. Plaintiff did not respond to the knocking of the door or by the Dallas Police. The Dallas Police waited outside the house for some 5 –6 hours, but Monique Degenstein did not answer. The Dallas Police were there without an arrest warrant or a search warrant and the actions of the Dallas Police in conjunction with Donald Smith constituted a conspiracy to deprive of civil rights ….
> On a separate occasion in October – November 2018, the Dallas Police refused to accept the Plaintiff's legitimate complaints of aggravated sexual assault and theft of property by Monique Degenstein against Donald Smith. On that occasion, Monique Degenstein went to the Dallas Police station at 1401 S. Lamar where she conferred with Officer Lembley who after conferring with an unknown person refused to interview the Plaintiff and rejected her claims of assault and theft of property out of hand. Officer Lembley was hostile toward Monique Degenstein and refused to believe that she was an American citizen and addressed and referred to her as a "wetback."
> The Dallas Police thereafter contacted Donald Smith and informed him that they had rejected Plaintiff's complaints against him.
> On a separate occasion the Dallas Police interfered with Monique Degenstein's efforts to have her complaints of aggravated sexual assault and theft of property (later valued to be at over $2,000,000.00) submitted to the Dallas Grand Jury.

Dkt. No. 2, ¶¶ 97-100

She further bases another cause of action on allegations that Smith filed

criminal charges against her – charges that Degenstein asserts were false, without further explanation – and that she was arrested by Dallas police officers, that a prosecution was initiated, and that it was "terminated in [her] favor." *Id.*, ¶¶ 105-13.

But that, too, as other courts have found in similar contexts, fails to plead a plausible claim of Section 1983 conspiracy, to show that the Court possesses subject matter jurisdiction under Section 1331. *See, e.g., Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980) ("A private person does not conspire with a state official merely by invoking an exercise of the state official's authority." (citation omitted)); *Porter-McWilliams v. Anderson*, No. 07-CV-0407 (KMK)(LMS), 2007 WL 4276801, at *7 (S.D.N.Y. Dec. 3, 2007) ("Plaintiff has alleged no facts suggesting that Detective Anderson was influenced in his choice of procedure or was under the control of Defendants when he filed a criminal charge against Plaintiff …. Accordingly, Plaintiff's conclusory allegation of the existence of a conspiracy between Defendants and Detective Anderson, without more, fails to establish joint participation or conspiracy.").[1]

---

[1] *See also Nader v. McAuliff*, 593 F. Supp. 2d 95, 103 (D.D.C. 2009) (Plaintiffs fail to "'identify any facts that are suggestive enough to render a ... conspiracy plausible.' As a result, the court rejects the plaintiffs' assertion that the defendants acted in concert with state actors." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007))); *cf. Chadbrown v. Coles*, No. 2:11-cv-00145-GZS, 2011 WL 5325610 (D. Me. Nov. 2, 2011) ("To progress with this suit Chadbrown must allege a 'plausible suggestion of conspiracy' between Coles[, a private actor and the only defendant,] and the various state actors mentioned in her complaint. 'Agreement may be inferred from circumstantial evidence, but only if it is sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives.' (quoting *Twombly*, 550 U.S. at 566, then *Green v. Benden*, 281 F.3d 661, 665-66 (7th Cir.

Degenstein has therefore not established that the Court possesses subject matter jurisdiction over this lawsuit, which requires its dismissal.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

2002); citations and emphasis omitted)), *rec. aff'd*, 2011 WL 6181223 (D. Me. Dec. 13, 2011).